# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JARMER ROBERSON**                                                                                          **PLAINTIFF**

**v.**                                           **No: 4:20-cv-00776 JM-PSH**

**DREW COUNTY DETENTION FACILITY**                                        **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge James M. Moody, Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Jarmer Roberson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 23, 2020, while incarcerated at the Drew County Detention Facility (Doc. No. 1).  Roberson was subsequently granted leave to proceed *in forma pauperis* (Doc. No. 12).  For the reasons stated herein, Roberson's claims should be dismissed as frivolous.

## I.  Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Roberson sues the Drew County Detention Facility. A detention center is not a suable entity. *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001). Additionally, Roberson alleges that Drew County is attacking his subconscious with hologram spirits that cause him to communicate with others telepathically.[1] Because Roberson's factual allegations are purely speculative and fanciful, Roberson's complaint should be dismissed as frivolous. *See Denton v. Hernandez*, 504 U.S. at 33 ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

## III. Conclusion

For the reasons stated herein, it is recommended that:

1. Roberson's complaint be dismissed without prejudice as frivolous.

---

[1] Roberson also alleges that he has been tasered and denied medical treatment. That allegation is pending in another case filed by Roberson, Case No. 4:20-cv-000811-KGB-PSH. Roberson also states that he has been charged excessive bail. This Court cannot alter the bail set in a criminal case; such relief is not appropriate in a § 1983 civil rights case. If release from confinement is sought, the appropriate action is a federal habeas petition, pursuant to 28 U.S.C. § 2254, once the prisoner has exhausted his available remedies in state court. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 499 (1973).

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 29th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE